# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WILLIAM LANGSTON MEADOR,

   Petitioner,

    v.

GARY SWARTHOUT, Warden,

   Respondent.

)
)
)
)
)
)
)
)
)
)
)

NO. ED CV 12-0241 JFW (FMO)

**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

On February 15, 2012, William Langston Meador ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.

## PRIOR PROCEEDINGS

On April 10, 1995, after a jury trial in San Bernardino County Superior Court, Case No. FSB6248, petitioner was convicted of second degree commercial burglary (Cal. Penal Code § 459), brandishing a deadly weapon (Cal. Penal Code § 417), and fraudulent use of another person's access card (Cal. Penal Code § 484f (2)). (Petition at 2; Report and Recommendation of United States Magistrate Judge, filed on April 17, 2001, Meador v. Ramirez-Palmer, Warden, Case No. ED CV 00-0844 RT (BQR) ("2001 R&R"), at 2).[1] Additionally, the trial court found true that petitioner had two prior felony convictions (Cal. Penal Code §§ 667 (a), 667 (b)(2)(i)) and

---

[1] The Court takes judicial notice of the files and records in Meador v. Ramirez-Palmer, Warden, Case No. ED CV 00-0844 RT (BQR).  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

1  served two prior prison terms (Cal. Penal Code § 667.5 (b)). (2001 R&R at 2). The trial court

2  sentenced petitioner to 25 years to life on the commercial burglary conviction and ordered

3  petitioner to pay a restitution fine of $2,000. (Id.). Sentencing on the remaining counts was either

4  stayed or resulted in concurrent terms. (Id.).

5       On October 14, 1997, petitioner, proceeding pro se, filed a Petition for Writ of Habeas

6  Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, in this Court, Meador v.

7  Lewis, Warden, et al., Case No. ED CV 97-0276 RT (BQR) ("First Prior Petition"), challenging his

8  conviction in San Bernardino County Superior Court Case No. FSB6248. (2001 R&R at 3). On

9  July 14, 1998, the Magistrate Judge issued a Report and Recommendation ("R&R"),

10  recommending that the First Prior Petition be dismissed without prejudice for failure to exhaust

11  claims in state court. (Id. at 3-4). On September 14, 1998, the Court adopted the R&R and

12  Judgment was entered dismissing the First Prior Petition without prejudice on September 21,

13  1998. (Id. at 4).

14       On November 1, 2000, petitioner, proceeding pro se, filed another Petition for Writ of

15  Habeas Corpus by a Person in State Custody in this Court, Meador v. Ramirez-Palmer, Warden,

16  Case No. ED CV 00-0844 RT (BQR) ("Second Prior Petition"), challenging his conviction in San

17  Bernardino County Superior Court Case No. FSB6248. (See 2001 R&R at 1-2 & 5). On April 17,

18  2001, the Magistrate Judge issued an R&R, recommending that the Second Prior Petition be

19  dismissed as untimely. (Id. at 9-10). On July 3, 2001, the Court adopted the R&R and Judgment

20  was entered dismissing the Second Prior Petition with prejudice on July 6, 2001. (See Judgment,

21  Meador v. Ramirez-Palmer, Warden, Case No. ED CV 00-0844 RT (BQR)). On April 15, 2002,

22  the Ninth Circuit Court of Appeals ("Ninth Circuit") denied petitioner's request for certificate of

23  appealability. See Meador v. Palmer, No. 01-56646 (9th Cir. 2002).

24       On June 15, 2007, petitioner, proceeding pro se, filed a third Petition for Writ of Habeas

25  Corpus in this Court, Meador v. Sullivan, Warden, Case No. ED CV 07-0732 JFW (JWJ) ("Third

26  Prior Petition"), challenging his conviction in San Bernardino County Superior Court Case No.

27  FSB6248. (Report and Recommendation of United States Magistrate Judge, filed on June 22,

28  2007, Meador v. Sullivan, Warden, Case No. ED CV 07-0732 JFW (JWJ) ("2007 R&R"), at 1 &

1    3).[2] On June 22, 2007, the Magistrate Judge issued an R&R, recommending that the Third Prior

2    Petition be dismissed without prejudice as a second or successive petition. (Id. at 1 & 5-6). On

3    July 16, 2007, the Court adopted the R&R and Judgment was entered dismissing the Third Prior

4    Petition without prejudice on July 18, 2007. (See Judgment, Meador v. Sullivan, Warden, Case

5    No. ED CV 07-0732 JFW (JWJ)). On April 1, 2008, the Ninth Circuit denied petitioner's request

6    for certificate of appealability. See Meador v. Sullivan, No. 07-56412 (9th Cir. 2008).

7       On August 15, 2007, petitioner filed an application seeking leave to file a second or

8    successive habeas corpus petition in the district court ("First Application") in the Ninth Circuit,

9    which was denied on November 21, 2007. See Meador v. Sullivan, No. 07-73215 (9th Cir. 2007).

10       On May 29, 2008, petitioner, proceeding pro se, filed a fourth Petition for Writ of Habeas

11    Corpus in this Court, Meador v. Sullivan, Warden, Case No. ED CV 08-0722 JFW (JWJ) ("Fourth

12    Prior Petition"), challenging his conviction in San Bernardino County Superior Court Case No.

13    FSB6248. (Report and Recommendation of United States Magistrate Judge, filed on February

14    27, 2009, Meador v. Sullivan, Warden, Case No. ED CV 08-0722 JFW (JWJ) ("2009 R&R"), at

15    1-2).[3] On February 27, 2009, the Magistrate Judge issued an R&R, recommending that the

16    Fourth Prior Petition be dismissed without prejudice as second or successive. (Id. at 6-7). On

17    May 7, 2009, the Court adopted the R&R and Judgment was entered dismissing the Fourth Prior

18    Petition without prejudice on May 7, 2009. (See Judgment, Meador v. Sullivan, Warden, Case

19    No. ED CV 08-0722 JFW (JWJ)). On November 18, 2010, the Ninth Circuit denied petitioner's

20    request for certificate of appealability. See Meador v. Sullivan, No. 09-56007 (9th Cir. 2010).

21       On January 5, 2011, petitioner filed another application in the Ninth Circuit seeking leave

22    to file a second or successive habeas corpus petition in the district court ("Second Application"),

23    which was denied on March 16, 2011. See Meador v. Swarthout, No. 11-70032 (9th Cir. 2011).

24

25    _____

26    [2] The Court takes judicial notice of the files and records in Meador v. Sullivan, Warden, Case

27    No. ED CV 07-0732 JFW (JWJ). See Wilson, 631 F.2d at 119; Howard, 381 F.3d at 876 n. 1.

28    [3] The Court takes judicial notice of the files and records in Meador v. Sullivan, Warden, Case
   No. ED CV 08-0722 JFW (JWJ). See Wilson, 631 F.2d at 119; Howard, 381 F.3d at 876 n. 1.

On February 15, 2012, more than 10 years after petitioner's Second Prior Petition was dismissed with prejudice, petitioner filed the instant Petition, in which he challenges for the fifth time, his conviction in San Bernardino County Superior Court, Case No. FSB6248. (See Petition at 2).

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging petitioner's conviction and sentence in San Bernardino County Superior Court, Case No. FSB6248.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).  Petitioner's First and Second Applications to file a second or successive petition were denied by the Ninth Circuit on November 21, 2007, and March 16, 2011, respectively. See Meador v. Sullivan, No. 07-73215; Meador v. Swarthout, No. 11-70032. Moreover, there is no indication in the record that petitioner has since obtained permission from the Ninth Circuit to file a second or successive petition. "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984 (2003) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152, 127 S.Ct. 793, 796 (2007) (per curiam). Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits of petitioner's Petition. See Magwood, 130 S.Ct. at 2796 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S. at 152, 127 S.Ct. at 796. Accordingly, the Court will dismiss the Petition without prejudice to petitioner filing a new action if and when he obtains permission from the Ninth Circuit to file a successive petition.[4]

---

[4] If petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because it is a second or successive petition. Since the Petition is clearly a second or successive petition, petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** for lack of jurisdiction and a Certificate of Appealability is **denied**.

DATED: _____, 2012.


_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE